UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| TROY CLAMMON GLASS, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | Case No. 6:11-cv-01178-HGD |
| ) | |
| WARDEN WILLIE THOMAS and ) | |
| THE ATTORNEY GENERAL ) | |
| OF THE STATE OF ALABAMA, ) | |
| ) | |
| Respondents ) | |

## FINAL REPORT AND RECOMMENDATION

Petitioner, Troy Clammon Glass, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges the validity of his 2006 conviction in the Circuit Court of Winston County based on a plea of guilty to a charge of first degree rape. He is serving a sentence of 50 years as a result of his guilty plea.

In his petition, Glass makes several allegations concerning the alleged involuntary nature of his guilty plea, ineffective assistance of counsel, and error on the part of the state trial court which presided over both his trial and his Rule 32 proceedings. (Doc. 14 at 20).

Respondents filed a timely answer to the claims made in Glass' petition. (Doc. 10). Respondents denied that Glass was entitled to any relief upon his claims. (Doc. 10 at 1).

On February 15, 2013, the undersigned issued a report and recommendation in which it was recommended that a hearing be held concerning the following claims:

1. Whether Glass had timely advised his counsel to file a notice of appeal;

2. If not, whether the facts and circumstances of Glass' plea and sentencing were such that counsel's failure to consult with him about an appeal constituted ineffective assistance of counsel;

3. Whether Glass filed a timely notice of appeal *pro se*; and

4. Whether Glass was made any promises by either the State or his own attorney that reflected the existence of an agreement to impose a particular sentence.

(Doc. 14 at 36-38).

On June 5, 2013, an evidentiary hearing was conducted before the undersigned. Glass was present at the hearing and represented by counsel, and counsel for respondents was present as well. The court received testimony and evidence during the evidentiary hearing. (Doc. 19).

The day after the evidentiary hearing was held, an order was issued requiring the parties to file simultaneous briefs on whether or not Glass had filed a timely

notice of appeal and whether he was entitled to an order allowing him to file a direct appeal of his state court conviction. (Doc. 21).

On June 7, 2013, the parties notified the court that they had reached a tentative settlement agreement. The undersigned has reviewed that agreement. That agreement provides that both parties consent to this court granting the writ solely as to Glass' 50-year sentence. The parties have requested that the undersigned recommend to the district court that it enter an order granting the writ as to Glass' 50-year sentence and allowing respondents 90 days from the date of said order to resentence Glass to the 20-year sentence that Glass was offered by the prosecution and accepted as a part of a plea deal with the State.

### CONCLUSION

Based on the foregoing, it is RECOMMENDED that the district court issue an order granting the writ of habeas corpus solely as to the 50-year sentence received by Glass in exchange for his plea of guilty to the state offense of rape in the first degree. Once the district court has been notified by respondents that Glass has been resentenced to the 20-year sentence he was originally offered, then it is further RECOMMENDED that the district court dismiss Glass' petition with prejudice.

## NOTICE OF RIGHT TO OBJECT

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court. Failure to do so will bar any later challenge or review of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied*, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*). In order to challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record.

The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a district judge.

DONE this 10th day of July, 2013.

_____
HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE